## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KENITO DRAKE,

      Petitioner,               Civil No. 2:13-CV-13881

                                     HONORABLE VICTORIA A. ROBERTS

v.                          UNITED STATES DISTRICT JUDGE

JOE JEFFREY,

      Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Kenito Drake, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and one count of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). Petitioner filed two letters with this Court, asking to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise an additional claim that has yet to be exhausted with the state courts. The Court holds the petition in abeyance and stays the proceedings under the terms outlined below in the opinion to permit Petitioner to return to the state courts to exhaust his additional claim. The Court will also administratively close the case.

## I. Background

1

Petitioner was convicted of the above offenses following a jury trial in Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Drake*, No. 2005 WL 602541 (Mich.Ct.App. March 15, 2005); *lv. den.* 474 Mich. 1067, 711 N.W.2d 300 (2006); *cert. den.* 549 U.S. 846 (2006).

Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice so that Petitioner could return to the state courts and exhaust additional claims. *Drake v. Berghuis*, No. 07-12094, 2008 WL 1455052 (E.D. Mich. April 9, 2008).

Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, which was denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, April 18, 2008).

Petitioner filed a second motion for relief from judgment, which was also denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, April 20, 2009). The Michigan appellate courts denied Petitioner leave to appeal the denial of his second motion for relief from judgment. *People v. Drake,* No. 297379 (Mich.Ct. App. August 18, 2010); *lv. den.* 489 Mich. 895, 796 N.W.2d 56 (2011).

Petitioner filed a third motion for relief from judgment, which was also denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, September 21, 2012).

On September 11, 2013, Petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the grounds that he raised in the Michigan courts.

Petitioner filed two letter requests to hold the habeas petition in abeyance so that

2

he can return to the Wayne County Circuit Court to present a new claim in a post-conviction motion for relief from judgment.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin,* 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust an additional claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations

3

contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C.

§ 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when

the original petition was timely filed, but a second, exhausted habeas petition would be

time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d

717, 720-21 (6th Cir. 2002).  The U.S. Supreme Court suggested that a habeas petitioner

who is concerned about the possible effects of his state post-conviction filings on the

AEDPA's statute of limitations could file a "protective" petition in federal court, as

Petitioner has apparently done here, and then ask for the petition to be held in abeyance

pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544

U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may

stay a federal habeas petition and hold further proceedings in abeyance pending resolution

of state court post-conviction proceedings, provided there is good cause for failure to

exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544

U.S. at 278.

Petitioner previously filed several motions for relief from judgment.  Pursuant to

MC.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion

for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149

Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d at 800 (citing to

*People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).  However, MC.R.

6.502(G)(2) states that a defendant may file a second or subsequent motion based on a

retroactive change in law that occurred after the first motion for relief from judgment or a

4

2:13-cv-13881-VAR-DRG   Doc # 12   Filed 03/26/14   Pg 5 of 7   Pg ID 202

claim of new evidence that was not discovered before the first such motion. *Banks,* 149
Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.  Petitioner alleges in his motion
that he has newly discovered evidence in support of the claim that he is wishes to raise in
a successive motion for relief from judgment.  Because there is some likelihood that the
Michigan courts might permit Petitioner to file a successive post-conviction motion for
relief from judgment pursuant to the newly discovered evidence exception contained in
M.C.R. 6.502(G)(2), a procedural bar to Petitioner filing such a successive motion is not
clearly applicable, therefore, this Court grants Petitioner a stay of proceedings to permit
him to attempt to exhaust the claim contained in his subsequent motion for relief from
judgment with the state courts. *See Banks,* 149 Fed. Appx. at 419-20.

However, even where a district court determines that a stay is appropriate pending
exhaustion of state court remedies, the district court "should place reasonable time limits
on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that
there are no delays by Petitioner in exhausting his state court remedies, this Court
imposes upon Petitioner time limits within which he must proceed with his state court
post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).
Petitioner must present his claims in state court within ninety days from the date of this
Order. *See id.*  Further, he must ask this Court to lift the stay within ninety days of
exhausting his state court remedies. *See id.*  "If the conditions of the stay are not met, the
stay may later be vacated nunc pro tunc as of the date the stay was entered, and the
petition may be dismissed." *Id.,* at 781 (internal quotation omitted).

Petitioner's method of properly exhausting his claim in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claim or claims, for the purpose of seeking habeas review. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## III.  ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED.**  The Court holds the habeas petition in abeyance.  Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order.  He shall notify this Court in writing that such motion papers have been filed in state court.  If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.  After Petitioner fully exhausts his new claim or claims, he shall file an amended petition that includes the

6

new claim or claims within ninety days after the conclusion of his state court

post-conviction proceedings, along with a motion to lift the stay.  Failure to do so will

result in the Court lifting the stay and adjudicating the merits of the claims raised in

Petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to

**CLOSE** this case for statistical purposes only.  Nothing in this order or in the related

docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F.

Supp. 2d at 677.

ORDERED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 26, 2014

The undersigned certifies that a copy of this
document was served on the attorneys of record
and Kenito Drake by electronic means or U.S.
Mail on March 26, 2014.

s/Carol A. Pinegar
Deputy Clerk

7