UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENITO DRAKE,

    Petitioner,                             Civil No. 2:13-CV-13881
                                                HONORABLE VICTORIA A. ROBERTS
v.                                   UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Kenito Drake, ("Petitioner"), confined at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and one count of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). Respondent filed a motion for summary judgment, contending that the petition was not filed in compliance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a reply to the motion. For the reasons that follow, the petition for a writ of habeas corpus is SUMMARILY DENIED.

**I. Background**

Petitioner was convicted following a jury trial in Wayne County Circuit Court.

Petitioner's conviction was affirmed by the Michigan Court of Appeals. *People v.*

*Drake*, No. 254806, 2005 WL 602541 (Mich.Ct.App. March 15, 2005). The Michigan Supreme Court denied Petitioner leave to appeal on February 27, 2006. *People v. Drake,* 474 Mich. 1067, 711 N.W.2d 300 (2006). The United States Supreme Court denied Petitioner a writ of certiorari on October 2, 2006. *Drake v. Michigan,* 549 U.S. 846 (2006).

On May 8, 2007, [1] Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice on April 9, 2008 so that Petitioner could return to the state courts to exhaust additional claims. *Drake v. Berghuis*, No. 07-12094, 2008 WL 1455052 (E.D. Mich. April 9, 2008).

On January 3, 2008, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, which was denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, April 18, 2008). Petitioner did not file an appeal from the denial of this motion.

On January 12, 2009, Petitioner filed a second motion for relief from judgment, which was also denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, April 20, 2009). The Michigan appellate courts denied Petitioner leave to appeal the denial of his second motion for relief from judgment. *People v. Drake,* No. 297379 (Mich.Ct. App. August 18, 2010); *lv. den.* 489 Mich. 895, 796 N.W.2d 56 (2011).

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his first habeas petition on May 8, 2007, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

On November 2, 2011, Petitioner filed a third motion for relief from judgment, which was also denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, September 26, 2012). Petitioner did not appeal the denial of this motion to the Michigan appellate courts.

On September 11, 2013, Petitioner filed an unsigned and undated petition for writ of habeas corpus, seeking habeas relief on the grounds that he raised in the Michigan courts. Petitioner filed a letter request to hold the habeas petition in abeyance so that he could return to the Wayne County Circuit Court to present a new claim in a post-conviction motion for relief from judgment. On March 26, 2014, this Court held the petition in abeyance and administratively closed the case. *Drake v. Jeffrey*, No. 2:13-CV-13881, 2014 WL 1260147 (E.D. Mich. March 26, 2014).

On April 7, 2014, Petitioner filed a fourth post-conviction motion for relief from judgment, which was denied. *People v. Drake,* No. 02-007486-01-FC (Wayne County Circuit Court, May 8, 2014). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Drake,* No. 323067 (Mich.Ct. App. Sept. 24, 2014); *lv. den.* 498 Mich. 852, 865 N.W.2d 16 (2015).

Petitioner filed his amended habeas petition with this Court on July 17, 2015. On July 24, 2015, Petitioner's case was reopened to the Court's active docket. The caption was amended and Respondent was ordered to file a responsive pleading.

## II. Discussion

The petition for writ of habeas corpus was not filed within the one year statute of

3

limitations. The motion for summary judgment is granted.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

The Michigan Supreme Court denied Petitioner leave to appeal from his appeal of right in the Michigan Court of Appeals on February 27, 2006. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 2, 2006. Where a prisoner filed a petition for a writ of certiorari, his or her conviction becomes final, for purposes of the AEDPA's statute of limitations, when the United States Supreme Court either denies the writ or issues a decision on the merits. *See Clay v. U.S.,* 537 U.S. 522, 529, n. 4 (2003). Petitioner therefore had until October 2, 2007 to timely file his petition for writ of habeas corpus with the federal court.

Petitioner filed his first habeas petition on May 8, 2007, after two hundred and seventeen days had already run on the one year statute of limitations.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1), *See Duncan v. Walker*, 533 U.S. 167, 181 (2001), Justice Stevens indicated in a concurring

5

opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

Petitioner is entitled to the equitable tolling of the one year statute of limitations for the time that his first habeas petition was pending in federal court. *See Drake v. Berghuis*, 2008 WL 1455052, at * 1 (citing *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004)); *See also Corbin v. Straub,* 156 F. Supp. 2d at 837. Thus, the limitations period was tolled from May 8, 2007 until April 9, 2008.

While the first habeas petition was pending in federal court, Petitioner filed his first motion for relief from judgment on January 3, 2008. The motion for relief from judgment was denied by the trial court on April 18, 2008. Petitioner did not appeal the denial of this post-conviction motion.

At the time that Petitioner's first post-conviction motion was dismissed, Petitioner had one year from this date pursuant to M.C.R. 7.205(F)(3) to appeal the dismissal of this first motion but Petitioner chose not to. *See e.g. Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). [2] A post-conviction application is "pending" within the meaning of 28 U.S.C. § 2244(d) (2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191

---

[2] In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment being appealed.

(2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002))(emphasis in original). Because Petitioner never filed an appeal after his first post-conviction motion was dismissed, the limitations period resumed running on April 19, 2008, the day after the Wayne County Circuit Court dismissed the motion for relief from judgment because Petitioner no longer had a post-conviction motion pending in state court. *See Williams v. Howes,* No. 2:08–CV–10772, 2013 WL 592419, * 3 (E.D. Mich. February 14, 2013). Petitioner had one hundred and forty eight days remaining, which would have been no later than September 14, 2008, to file his current habeas petition within the one year limitations period or to otherwise toll the limitations period.

Petitioner filed his subsequent motions for relief from judgment after the one year limitations period expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Petitioner's second, third, and fourth motions for relief from judgment did not toll the limitations period because they were filed after the expiration of limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004).

The Court is aware that Petitioner claims to have newly discovered evidence in support of several claims: (1) affidavits from Waheela Hearn or Hearns, [3] in which she

---

[3] In the various pleadings and affidavits, the witness's name is sometimes spelled Hearn and sometimes Hearns.

7

claims that she conspired with the victim to falsely accuse Petitioner; (2) an affidavit from Martez Gomez claiming that the victim falsely accused Petitioner; (3) a copy of the victim's birth certificate to show his actual birth date being November 19, 1984 and not November 19, 1985, and (4) the victim's diary, which Petitioner claims would contradict the victim's trial testimony.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005).

The Sixth Circuit suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins,* 485 F. 3d 364, 373-74 (6th Cir. 2007)(§ 2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that claim was discovered at a later date); *See also DiCenzi v. Rose*, 452 F. 3d 465, 469-70 (6th Cir. 2006)(holding that statute of limitations on claim that state appellate court improperly denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing); *Jackson v. Hofbauer,* No. 05-CV-74916-DT, 2007 WL 391405, * 8 (E.D. Mich. January 31, 2007(§ 2244(d)(1)(D) applied on a claim-by-claim basis).

The Supreme Court never addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application or decided on a claim-by-claim basis. However, in dicta in *Pace v. DiGuglielmo,* 544 U.S. 408, 416, n. 6 (2005), the Supreme Court indicated that § 2244(d)(1) provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A)(date of final judgment), but noted that the three other subsections, § 2244(d)(1)(B), § 2244(d)(1)(C); and § 2244(d)(1)(D), required a claim-by-claim consideration for calculating the limitations period. This Court will evaluate each of Petitioner's claims separately to determine whether the provisions of Section 2244(d)(1)(D) would render any, or all, of the claims timely.

Petitioner raised the following claims in his original habeas petition: 1) the court erred in excluding evidence that the victim had previously been sexually molested, (2) the trial court erred in denying Petitioner's motion for a new trial based on newly discovered evidence that exonerated Petitioner, (3) the prosecutor committed misconduct by asking the jurors to put themselves in the victim's shoes, (4) trial counsel was ineffective for failing to object to the prosecutorial misconduct, (5) The trial court erred in permitting the victim to testify about alleged threats made to him by Petitioner or other family members, (6) the trial judge erred in rejecting Petitioner's newly discovered evidence claim when denying the motion for relief from judgment, (7) Petitioner's right to a preliminary examination was violated when the magistrate judge amended the felony information to add additional counts, (8) the complaint and warrant were defective, (9) the trial court

9

lacked subject matter jurisdiction, (10) the victim's diary contradicts the victim's testimony. In his amended habeas petition, adds the following claim: (11) Petitioner was charged under the wrong criminal sexual conduct statute because the victim was not under the age of 13 when the assaults allegedly happened.

With the exception of Petitioner's second, sixth, tenth, and eleventh claims, the allegedly newly discovered evidence is not connected to Petitioner's other claims. Because Petitioner's first, third, fourth, fifth, seventh, eighth and ninth claims do not rest upon the allegedly newly discovered evidence, this evidence does not logically constitute a "factual predicate" for Petitioner's first, third through fifth, and seventh through ninth claims, as defined by § 2244(d)(1)(D), thus, these claims are time-barred, regardless of whether the affidavits, the victim's birth certificate, or the victim's diary would constitute newly discovered evidence with respect to Petitioner's second, sixth, tenth or eleventh claims. *Ege,* 485 F. 3d at 373. Petitioner's first, third, fourth, fifth, seventh, eighth, and ninth claims are time barred.

The Court determines that Petitioner's second, sixth, tenth, and eleventh claims are also barred by the statute of limitations.

The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Grayson,* 185 F. Supp 2d at 750. Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence,

could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Redmond,* 295 F. Supp. 2d at 771. In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id*. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at p. 772. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F. 3d 537, 547 (6th Cir. 2013)(quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

     The one year limitations period was not delayed by the discovery of the victim's birth certificate or the victim's diary because Petitioner knew about this information at the time of trial. The victim testified that his birth date was November 19, 1984, and not 1985. (Tr. 9/17/02, p. 10). Several witnesses testified about the victim's diary at trial. (*Id.,* pp. 165-66; 197-98). Margaret Mayfield, the victim's great-grandmother, read the diary and indicated that it helped her to form her opinion of the victim's lack of truthfulness. (*Id.,* pp. 197-98). The commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D) until Petitioner's alleged discovery of the

victim's birth certificate or the diary; Petitioner was aware of this information at the time of his trial. *See Whalen v. Randle,* 37 Fed. Appx. 113, 119 (6th Cir. 2002).

Petitioner knew about the factual predicate regarding Ms. Hearn's claims that she conspired with the victim to falsely accuse Petitioner as early as January 22, 2006, when Ms. Hearn's wrote a letter to Petitioner informing him of this fact. Petitioner was aware of the factual predicate of Ms. Hearn's claim at the time of his direct appeal; the commencement of the running of the statute of limitations would not be delayed pursuant to 28 U.S.C.§ 2244(d)(1)(D). *See Fleming v. Evans,* 481 F.3d 1249, 1258 (10th Cir. 2007); *Trice v. Hulick,* 558 F. Supp. 2d 818, 824-25 (N.D. Ill. 2008).

The affidavit from Mr. Gomez dated July 7, 2011 would qualify as newly discovered evidence under 28 U.S.C.§ 2244(d)(1)(D). The petition is nonetheless untimely. Pursuant to § 2244(d)(1)(D), Petitioner had one year from July 7, 2011 to timely file his petition for writ of habeas corpus or otherwise toll the limitations period. Petitioner filed his third motion for relief from judgment on November 2, 2011, some 118 days after Mr. Gomez's affidavit was signed. The trial judge denied the motion on September 21, 2012. Petitioner did not appeal the denial of this motion to the Michigan appellate courts. The tolling of the limitations period ended on this day, leaving Petitioner with 247 days left after the trial court's decision, or until May 27, 2013 to timely file his petition. Because the current petition was not filed until September 11, 2013, any claims relating to Mr. Gomez are untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate

cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). Petitioner is not entitled to equitable tolling of the one year limitations period; he failed to argue that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner presented no new, reliable evidence to establish that he was actually innocent of the crime charged; Petitioner's case falls outside of the actual innocence tolling exception. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner presented affidavits from Ms. Hearns, in which she claims that she conspired with the

13

victim to falsely accuse Petitioner of sexually assaulting him. Petitioner presented an affidavit from Mr. Gomez, claiming that the victim recanted his trial testimony to him. Significantly, Petitioner did not present any affidavits from the victim recanting his testimony. The hearsay statements from Ms. Hearns and Mr. Gomez that the victim falsified or recanted his testimony are only minimally persuasive evidence in support of Petitioner's actual innocence, because as hearsay evidence they are presumptively less reliable than direct testimony. *See Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 433 (6th Cir. 2007). Moreover, recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins,* 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). Finally, "the skepticism with which a court examines such an affidavit is only heightened when the recanting witness is a family member and the witness may have feelings of guilt or may be influenced by family members seeking to change the witness's story." *U.S. v. Coker*, 23 Fed. Appx. 411, 412 (6th Cir. 2001). Ms. Hearn or Hearns is Petitioner's niece and Mr. Gomez is his nephew. Their affidavits are suspect and fail to amount to the type of extraordinary evidence of innocence that would excuse the late filing of the petition.

### III.  Conclusion

The Court dismisses the current petition; it was filed outside of the one year limitations period contained in § 2244(d)(1).

The Court denies Petitioner a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a

writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court denies Petitioner a Certificate of Appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner did not file his habeas petition within the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.

Although this Court denies a Certificate of Appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's dismissal of Petitioner's habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV.  ORDER

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **SUMMARILY DENIED PURSUANT TO 28 U.S.C. § 2244(d).**

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

S/Victoria A. Roberts<br>
**HONORABLE VICTORIA A. ROBERTS**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** 2/24/2016